UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-00072-CR-UNGARO

UNITED STATES OF AMERICA,
    Plaintiff,

v.

BRUCE MCGILL,
    Defendant.
_____/

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S REPORT**

THIS CAUSE is before the Court on a Superseding Petition and Order for Action on Conditions of Supervised Release. (D.E. 40.) The matter was referred to Magistrate Judge Andrea M. Simonton who issued a Report recommending that the Defendant's Supervised Release be revoked. (D.E. 64.) The Defendant filed objections to the Magistrate Judge's Report, and the Government filed a response to Defendant's objections. (D.E. 65, 66.) The matter is ripe for disposition. The Court has considered the underlying record, and is otherwise fully informed in the premises.

By way of background, on November 1, 2001, the Defendant was sentenced to 77 months of incarceration and three years of supervised release in addition to an assessment of $100.00 for possession a firearm as a convicted felon (D.E. 26.) The Defendant is charged with violating eight conditions of his supervised release. The Government dismissed Violation No. 2 and the Defendant to admitted Violations No. 4-8. (See. D.E. 64 at 2 fn 1.) The Defendant contests the following two violations of his supervised release:

1

| **Violation Number** | **Nature of Compliance** |
|---|---|
| 1. | Violation of Mandatory Condition, by failing to refrain from violation of the law.  On or about May 5, 2008, in Miami, Florida, the Defendant committed the offense of Cocaine Sell/Deliver/Possession with Intent, contrary to Florida State Statute 893.13(1)(A)(1), a second degree felony. |
| 3. | Violation of Mandatory Condition, by failing to refrain from violation of the law.  On or about may 5, 2008, in Miami, Florida, the defendant committed the offense of Cannabis Possession, contrary to Florida State Statute 893.13(6)(B), a first degree misdemeanor. |

On December 18, 2008, the Magistrate Judge conducted a hearing to determine whether the Defendant committed the contested violations.  During the hearing, the Government introduced (1) the transcript of the Plea Colloquy in the Florida State court, in which the Defendant pleaded no contest to the crimes that form the basis for the supervised release violations alleged; (2) a certified copy of the Judgment of Conviction in Florida state court adjudicating the Defendant guilty as to the crimes that form the basis for the supervised release violations; (3) the testimony of Assistant State Attorney Sasha Bandeles, who corroborated the fact that the Defendant entered a no contest plea to the state court charges, was adjudicated guilty, and was sentenced to time served.  (D.E. 64 at 3.)

The Defendant argued that although he was convicted of the state court charges, he denied having committed these offenses and the United States had the burden of proving that he committed the crimes by introducing evidence beyond his guilty plea and Judgment of Conviction.  Defendant explained that he pled no contest to the charges, not because he was guilty but because the United States Probation Officer assigned to supervise him told him that he was going to be found guilty of violating his supervised release in federal court regardless of

2

whether he pled guilty or not guilty in state court. (D.E. 64 at 4.)

The Magistrate Judge ruled that the state court Judgment of Conviction based upon Defendant's no contest pleas was sufficient to establish that Defendant committed the offenses that formed the bases for violations 1 and 3 in his supervised release revocation petition. (D.E. 4-5.) Particularly, the Magistrate Judge agreed with the Government's argument that the copy of the Defendant's Judgment of Conviction in state court alone, is conclusive proof that he committed the state court offenses described in violations No. 1 and 3. (*Id.*)

Following her ruling, the Magistrate Judge issued a January 15, 2009 Order Setting Further Evidentiary Hearing, which further hearing was held on January 26, 2009. (D.E. 64 at 5.) At the January 26, 2009 hearing, the Government called Miami-Dade Police Department Officer Hugh Oliphant who testified that he observed the Defendant engage in a hand to hand drug sale transaction with two to four different buyers. Specifically, Officer Oliphant testified that he conducted a surveillance of the Defendant using his binoculars from a distance of 20 to 25 yards away. (*Id.*) Officer Oliphant further testified that he observed Defendant sitting on a milk crate at a street corner near a stop sign and watched as individuals approached the Defendant and handed money to him. (See 1/26/09 Hr.'g Tr. at 6.) According to Officer Oliphant, Defendant would reach into the top of a stop sign pole, remove a plastic bag, and hand over an item contained in a clear plastic bag to the individual. (1/26/09 Hr.'g Tr. at 6-7.); (D.E. 64 at 5-6.) Officer Oliphant also stated that he ordered two other officers to arrest the Defendant and directed them to the stop sign to retrieve the suspect narcotics. (1/26/09 Hr.'g Tr. at 7-8.); (D.E. 64 at 6.) The Government also introduced the arrest affidavit ("A-Form") relating to the state court offenses against Defendant as proof that the Defendant committed violations 1 and 3.

(D.E. 64 at 5.) Consistent with Officer's Oliphant's testimony, the A-Form indicates that the arresting officers "recovered a clear plastic bag" from the stop sign "containing 11 red clear baggies of crack cocaine and 7 purple clear baggies of crack cocaine." (D.E. 64 at 6.)[1]

Defendant argued that the Government failed to prove that the substance in the plastic bags retrieved from the stop sign was cocaine. (*Id*.) Defendant noted that the Government did not introduce any lab reports or testimony of a chemist to establish that the items recovered at the scene were narcotics. (*Id*.) Defendant asserted that Detective Oliphant's testimony should not be considered to the extent it included the hearsay statements that he learned from his discussions with the arresting officers. (D.E. 64 at 7.) Defendant also argued that the Court should not admit the A-Form because it was prepared by the arresting officers and not Detective Oliphant. (*Id*.)

Relying on the Third Circuit decision in *United States v. Poellnitz*, 372 F.3d 562 (3rd. Cir. 2004), and the Florida Supreme Court decision in *Maselli v. State*, 446 So. 2d 1079, 1081 (Fla. 1984.), the Magistrate Judge agreed with the Government's primary argument that the Judgment and Conviction based on a *nolo contendere* plea alone, is prima facie evidence of a supervised release violation. (D.E. 64 at 8.) Second, the Magistrate Judge concluded that Defendant failed to rebut the Government's evidence, including the testimony of Detective Oliphant and the A-Form indicating that he actually committed the offenses that formed the basis of his conviction in state court pursuant to his no contest plea. (D.E. 64 at 8-10.)

The Court has carefully considered the Magistrate Judge's Report, and agrees with the analysis contained therein. Particularly the Court agrees with the Magistrate's Judge's

---

[1] The A-Form also indicated that during the search of the Defendant incident to his arrest, the officers recovered a marijuana joint and two clear baggies of marijuana in Defendant's left-front pant pocket. (D.E. 64 at 6.)

interpretation of *Maselli* and holds that the Defendant's Judgment of Conviction from his state court case is prima facie evidence that he committed the offenses identified in the instant petition as violations 1 and 3. Furthermore, the Court finds Officer Oliphant's testimony concerning (1) his eye witness surveillance and observation of Defendant conducting hand to hand drug transactions with several buyers on the same day; and (2) his testimony that the State Attorney's Office will not pursue drug prosecutions without positive lab reports for alleged narcotics supports the Magistrate Judge's finding that the Government has proved by a preponderance of the evidence that Defendant violated conditions of his supervised release as alleged in violations 1 and 3. (See 1/26/2009 Hr.'g Tr. at 5-7, 13-15, 24.) The Court has considered Defendant's objections to the Magistrate Judge's Report and finds that the objections are a mere recitation of the previous arguments submitted to the Magistrate Judge during the January 16, 2009 hearing. Based upon the analysis contained in the Magistrate Judge's report and the undersigned's conclusions herein, the Court finds that Defendant's objections require no further consideration. Accordingly having conducted a *de novo* review of the record, it is hereby,

ORDERED AND ADJUDGED that the Magistrate Judge's Report is RATIFIED AFFIRMED AND ADOPTED.

DONE AND ORDERED in Chambers at Miami, Florida, this 7th day of April 2009.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

Copies provided:
counsel of record